# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LIBERTY MUTUAL INSURANCE GROUP,

   Plaintiff,

v.

PANELIZED STRUCTURES INC., et al.,

   Defendants.

2:10-CV-1951 JCM (PAL)

## ORDER

Presently before the court is defendant Panelized Structures Inc.'s ("PSI") motion to dismiss (doc. #5). Plaintiff Liberty Mutual Insurance Group ("Liberty Mutual") responded (doc. #8), and defendant PSI replied (doc. #10). Defendant again replied with a supplemental reply to plaintiff's opposition to motion to dismiss (doc. #11).

**I. RELEVANT FACTS**

Plaintiff filed suit to enforce alleged contractual indemnification and equitable subrogation rights stemming from a worker's compensation insurance policy. This insurance policy, and customer agreement, existed between Arizona Labor Force d/b/a Allied Forces Temporary Services Inc. ("AFTS"), and defendant PSI. On May 1, 2004, plaintiff Liberty Mutual issued a worker's compensation insurance policy to AFTS, a foreign corporation qualified to do business in Nevada.

On or about September 1, 2004, defendant PSI entered into a customer agreement with AFTS, through which PSI agreed to indemnify AFTS against claims related to "damages to company

**James C. Mahan**
**U.S. District Judge**

1  owned vehicles, machinery, or materials to which Allied Forces Temporary Services employees may
2  be assigned." (Doc. #1-1, compl. ¶ 15). Thereafter, an AFTS employee, Thomas Novick, was
3  seriously injured when an agent or employee of defendant PSI ran over Novick with a rough terrain
4  forklift leased by PSI, causing Novick to lose his leg.

5      Pursuant to the customer agreement, Liberty Mutual filed suit in state district court in Clark
6  County Nevada, in 2006, asserting tort statutory subrogation rights, pursuant to N.R.S. 616C.215,
7  to recover worker's compensation benefits paid to Novick in excess of $500,000. That case was
8  consolidated with a negligence action filed by Novick, which now remains in state court.

9      Thereafter, Liberty Mutual filed a second suit alleging contractual indemnification and
10 equitable subrogation in August of 2010. (Doc. #1-1). Before that case could be consolidated with
11 the first action, the defendant removed the second suit to this court under the doctrine of diversity
12 jurisdiction. (Doc. #1). Subsequently, defendant filed the instant motion to dismiss for failure to state
13 a claim for relief, for failure to commence action on behalf of a real party in interest, and failure to
14 join an indispensable party. (Doc. #5).

15 **I.    MOTION TO DISMISS (doc. #5)**

16     Plaintiff Liberty Mutual seeks to enforce its contractual indemnification and equitable
17 subrogation rights stemming from a workers compensation insurance policy and a customer
18 agreement between AFTS and defendant PSI.

19     "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
20 as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
21 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
22 complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
23 line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at
24 557). However, where there are well pled factual allegations, the court should assume their veracity
25 and determine if they give rise to relief. *Id.* at 1950.

26
27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    A.    The Motion to Dismiss for Failure to Commence Action on Behalf of Real Party in
2          Interest is Denied

3    Defendant argues that plaintiff fails to state a claim upon which relief can be granted alleging
4    that the plaintiff is not the real party in interest, and thus, is incapable of commencing this action
5    properly. However, the action before the court is brought in the name of "Liberty Mutual Insurance
6    Group," and the worker's compensation and employer liability policy, which was in effect when
7    Novick was injured, clearly indicates on the declaration page that it was issued by "Liberty Mutual
8    Insurance Group."

9    Defendant also argues that the Secretary of State of Nevada business search reveals no results
10   for "Liberty Mutual Insurance Group." It does however, find "Liberty Mutual Group Inc."
11   Accordingly, defendant's argument that "the named [p]laintiff is not the issuer of the policy" (doc.
12   5, p.1) fails. Defendant's argument that plaintiff is a fictitiously-named party is unfounded and the
13   motion to dismiss for failure to commence action on behalf of real party in interest is denied.

14   B.    The Motion to Dismiss for Failure to State a Claim for Relief is Denied

15   Defendant argues that plaintiff's complaint fails to state a claim upon which relief can be
16   granted because defendant is not obligated to indemnify AFTS under the terms and conditions of the
17   work order, or under the subrogation language of the worker's compensation policy issued by Liberty
18   Mutual. This argument fails. The policy issued by Liberty Mutual clearly designates subrogation
19   rights in its plain language: "We have your rights and the rights of persons entitled to the benefits
20   of this insurance, to recover our payments from anyone liable for the injury." (Doc. #8). This clearly
21   establishes that AFTS assigned its rights of recovery to Liberty Mutual.

22   Additionally, AFTS entered into a contractual customer agreement with the defendant where
23   PSI agreed to indemnify AFTS from bodily injury resulting from incidents involving machinery and
24   vehicles utilized by PSI. Specifically, the customer agreement provides: "The company [PSI] agrees
25   that Allied Forces Temporary Services does not insure it for damages to company owed vehicles,
26   machinery or materials to which Allied Forces Temporary Services employees may be assigned. The
27   Company [PSI] indemnifies Allied Forces Temporary Services against such claims, as well as

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    against bodily injury resulting from such incidents." (Doc. #8).

2    Therefore, defendants motion to dismiss for failure to state a claim for relief is denied.

3        C.    <u>The Motion to Dismiss for Failure to Join Indispensable Party is Denied</u>

4    Finally, defendant alleges that plaintiff's complaint fails to join an indispensable party– that is, AFTS, which is a party to the work order/customer agreement with defendant.

6    Under Federal Rule of Civil Procedure 19, in order for a party to be "indispensable" or "necessary," one of two requirements must be met. Rule 19(a)(1) states that a party is indispensable "if in the person's absence complete relief cannot be awarded among those already parties." In the alternative, Rule 19(a)(2) states that a judgment in the person's absence will either (1) as a practical matter impair an interest the person has, or (2) impose on some of the existing parties "double, multiple, or otherwise inconsistent obligations.

12   Complete relief can be granted to those parties already joined in the instant action. Additionally, AFTS is neither a real party in interest, nor is it an indispensable party. Liberty Mutual paid all of the worker's compensation benefits owed to Novick. AFTS did not incur any expenses or damages as a result of Novick's injury. Therefore PSI would not be liable for double, multiple, or otherwise inconsistent obligations.

17   Furthermore, the Nevada Supreme Court in *Valley Power Supply v. Toiyable Supply Co.,* 80 Nev. 458, 369 P.2d.137 (1964), ruled that the insurer who has paid for the entire loss is subrogated as a matter of law to the rights its insured may have had against the defendant. Thus, in a case of total subrogation, the insurer is the sole party in interest and may assert a claim against those thought to be liable.

22   The joinder of AFTS is not required as defined under Federal Rule of Civil Procedure 19. Consequently, the motion to dismiss for failure to join an indispensable party is also denied.

24   Accordingly,

25   . . .

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants's motion to dismiss (doc. #5) is DENIED without prejudice.

DATED January 31, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**