UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LIBERTY MUTUAL INSURANCE GROUP,

        Plaintiff,

v.

PANELIZED STRUCTURES INC., et al.,

        Defendants.

2:10-CV-1951 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Liberty Mutual Insurance Group's (hereinafter "Liberty Mutual") motion to remand to state court (doc. #6). Defendant Panelized Structures Inc. (hereinafter "PSI") responded (doc. #9), and plaintiff replied (doc. #13). Defendant PSI again replied with a supplemental opposition to plaintiff's motion to remand (doc. #14), and plaintiff made a final reply (doc. #15).

**I.    RELEVANT FACTS**

Plaintiff's filed suit to enforce alleged contractual indemnification and equitable subrogation rights stemming from a worker's compensation insurance policy. This insurance policy and customer agreement existed between Allied Forces Temporary Services Inc. ("AFTS"), and defendant PSI. On May 1, 2004, plaintiff Liberty Mutual issued a worker's compensation insurance policy to AFTS, a foreign corporation qualified to do business in Nevada.

On or about September 1, 2004, defendant PSI entered into a customer agreement with

**James C. Mahan**
**U.S. District Judge**

1  AFTS, through which PSI agreed to indemnify AFTS against claims related to "damages to
2  Company owned vehicles, machinery, or materials to which Allied Forces Temporary Services
3  employees may be assigned." (Doc. #1-1, compl. ¶ 15). Thereafter, an AFTS employee, Thomas
4  Novick, was seriously injured when an agent or employee of defendant PSI ran over Novick with
5  a rough terrain forklift leased by PSI, causing the loss of Novick's leg.

6      Pursuant to the customer agreement, plaintiff Liberty Mutual filed suit in District Court,
7  Clark County Nevada in 2006 to assert tort statutory subrogation rights pursuant to N.R.S. 616C.215
8  to recover worker's compensation benefits paid to Novick in excess of $500,000. That case was
9  consolidated with a negligence action filed by Novick, and the consolidated action remains in state
10 court.

11     Plaintiff Liberty Mutual thereafter filed a second suit, alleging contractual indemnification
12 and equitable subrogation in August of 2010. (Doc. #1-1). Before that case could be consolidated
13 with the first action, the defendant removed the second suit to this court under the doctrine of
14 diversity jurisdiction. (Doc. #1). In response, the plaintiff has filed the instant motion to remand.
15 (Doc. #6).

16 **II.    MOTION TO REMAND (doc. #11)**

17     Pursuant to 28 U.S.C. §1332, this court has original jurisdiction over all civil actions where
18 the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens
19 diverse citizenship. Here, the amount in controversy exceeds $500,000 and is between parties of
20 complete diversity. (*See* doc. #1) (stating that the principal place of business of plaintiff is
21 Massachusetts, while the principal place of business of the defendant is California).

22     However, the plaintiff argues that the case is non-removable because it arises from a worker's
23 compensation dispute under Nevada law. Pursuant to 28 U.S.C. §1445(c), "a civil action in any state
24 [c]ourt arising under the workmen's compensation laws of such state may not be removed to any
25 district court of the United States."

26     The court disagrees and finds that plaintiff's claims arise out of state contract law, rather than
27 from worker's compensation laws. This civil action does not rely on, is not based upon, and does not

28

**James C. Mahan**
**U.S. District Judge**
    - 2 -

Case 2:10-cv-01951-MMD-PAL   Document 19   Filed 01/31/11   Page 3 of 3

require interpretation of the workmen's compensation laws of the State of Nevada, as the worker's compensation benefits have already been paid to Mr. Novick. The issue before the court now is a matter of contract interpretation. Although the dispute will be governed by state law, the court finds that it has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, removal was proper.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #6) is DENIED.

DATED January 31, 2011.

*James C. Mahan*

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -