UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE GROUP,<br><br>         Plaintiff,<br><br>v.<br><br>PANELIZED STRUCTURES, INC., et al.,<br><br>         Defendants. | 2:10-CV-1951 JCM (PAL) |

**ORDER**

Presently before the court is third party defendant Arizona Labor Force, Incorporated's ("AFLI") motion to dismiss. (Doc. #41). The third party plaintiff Panelized Structures, Incorporated, has responded (doc. #43), and AFLI has replied (doc. #45).

The instant dispute arises from a subrogation action by plaintiff Liberty Mutual against defendant Panelized Structures. Defendant counterclaimed against the plaintiff and also filed a third party complaint against ALFI. ALFI filed a motion to dismiss the first two claims of the third party complaint (doc. #37), and Liberty Mutual filed a motion to dismiss the counterclaim (doc. #25). In its previous order, the court granted ALFI's motion to dismiss but denied Liberty Mutual's. (Doc. #40).

ALFI now requests that the court dismiss the third claim in the third party complaint based on the conclusions reached in this first order (doc. #40). Specifically, ALFI contends that the court has already held that Panelized Structures' own arguments have rendered the third-party claim for

**James C. Mahan**
**U.S. District Judge**

breach of contract moot. Panelized Structures has responded with several arguments against both the new motion to dismiss (doc. #41) and the court's previous order (doc. #40).

DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950.

I. Local Rule 7-2(d)

Panelized Structures first argues that the court should deny ALFI's motion to dismiss because it violates Local Rule 7-2(d), which requires that a party file points and authorities in support of its motion or otherwise consent to the denial of such motion. ALFI has cited no case, rule, statute, treatise, or other secondary source in support of its motion.

The court disagrees. The rule does not specify the type of "points and authorities" to be included in a motion; rather, the court interprets the rule as requiring that a party provide a basis for the arguments asserted in the motion. Here, ALFI references its first motion to dismiss (doc. #37) and the authorities cited therein as well as this court's June 7, 2011, order (doc. #40) in support of its contention that the third claim in the third party complaint should be dismissed. The court finds that ALFI has sufficiently complied with the local rule and declines to deny the motion on this ground alone.

II. Federal Rule of Civil Procedure 12(g)

Panelized Structures next urges the court to deny the motion pursuant to Federal Rule of Civil Procedure 12(g)(2), which states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Panelized Structures posits that

1  ALFI's second motion to dismiss violates this express prohibition as well as the policy behind the
2  rule, which is the avoidance of piecemeal consideration of a case. Thus, the court should strike the
3  present motion, and ALFI should file a motion for judgment on the pleadings in lieu of a motion to
4  dismiss.

5  The court disagrees. Rule 12(g)(2) is meant to prevent the filing of successive motions to
6  dismiss where a previous defense or objection "was available to the party but omitted from its earlier
7  motion." Here, ALFI is relying on conclusions reached in this court's June 7, 2011, disposition of
8  the first motion to dismiss. That order had not yet issued when ALFI filed its first motion.
9  Accordingly, the court shall consider the motion on its merits.

10  III.     Inconsistent Defenses/Claims

11  Panelized Structures' third basis for denial of ALFI's motion is that, pursuant to Rule 8(d),
12  a party may plead its claims in the alternative even if those claims are inconsistent. Accordingly,
13  because the court dismissed the first two claims in the third party complaint for conflicting with
14  arguments made in the counterclaim against Liberty Mutual,[1] the court should clarify the previous
15  order to grant summary judgment in favor of Panelized Structures on its claim that it is an insured
16  under the Liberty Mutual policy or, alternatively, vacate that order.

17  The court agrees and vacates the June 7, 2011, order (doc. #40), insofar as it grants ALFI's

---

[1] In the original order (doc. #40), the court held that:

> Panelized Structures already acknowledged that ALFI attempted and intended to provide workers' compensation insurance to Panelized Structures. By its own admission, ALFI obtained the insurance protection for the benefit of its future customers and had a reasonable expectation and interpretation of the insurance contract. (Doc. #30). Panelized Structures cannot now claim either intentional or negligent misrepresentation.

(Doc. #40 at 5:27–6:3). More specifically, Panelized Structures, in it's counterclaim against Liberty Mutual, alleged that "ALFI intended the workers' compensation insurance policy to be issued by [p]laintiff to protect ALFI's customer, PSI. . . ." (Doc. #20 at 6:26–27) However, in the third party complaint against ALFI, Panelized Structures alleges that "ALFI knew, or had insufficient information to believe that its representation of all mandated insurance protection for workers' compensation insurance was true." (Doc. #20 at 12:24–27). The original disposition of ALFI's motion to dismiss (doc. #37) was the conflict between these two positions.

**James C. Mahan**
**U.S. District Judge**

- 3 -

motion to dismiss (doc. #37) on the ground that Panelized Structures' position regarding Liberty Mutual's claims conflicted with its position regarding ALFI's claims. "Inconsistent legal positions are not foreclosed by Rules of Civil Procedure." *Arthur v. U.S. By and Through Veterans Admin.*, 45 F.3d 292, 296 (9th Cir. 1995). Therefore, "in light of the liberal pleading policy embodied in Rule 8(e)(2) a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214 (9th Cir. 1990) (overruled on other grounds).

Because the litigation was still at the pleading stage when the court issued its ruling dismissing the first two claims of the third party complaint, the court finds its previous conclusion that statements made against one defendant constituted admissions against another to be contrary to the law. *See School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). The court thus vacates its original holding and denies the motion to dismiss (doc. #37).

Whereas the holding of the original order (doc. #40) has been vacated, there is no basis for the second motion to dismiss (doc. #41), and the court also denies that motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this court's June 7, 2011, order (doc. #40) be, and the same hereby is, VACATED insofar as it grants ALFI's first motion to dismiss (doc. #37);

IT IS FURTHER ORDERED that ALFI's first motion to dismiss claims one and two of the third party complaint (doc. #37) be, and the same hereby is, DENIED without prejudice;

. . .

. . .

. . .

. .

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    IT IS FURTHER ORDERED that ALFI's second motion to dismiss the third claim of the
2 third party complaint (doc. #41) be, and the same hereby is, DENIED without prejudice.
3    DATED August 16 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -