UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE GROUP, ) <br> ) <br>                         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PANELIZED STRUCTURES, INC., ) <br> ) <br>                         Defendant. ) <br>_____) | Case No. 2:10-cv-01951-JCM-PAL <br><br> **ORDER** |

      Before the court is the parties' Stipulation and Proposed Order to Amend the Discovery Plan and Scheduling Order (First Request) (Dkt. #52) filed September 8, 2011. The parties request an additional 120-day extension of the Discovery Plan and Scheduling Order deadlines.

      The parties initially submitted a proposed Discovery Plan and Scheduling Order (Dkt. #26) on March 15, 2011, which requested special scheduling review and 300 days, measured from the date of the Defendant's Answer, in which to complete discovery. The court set the matter for hearing on March 22, 2011, and canvassed counsel for the parties concerning the nature of the case, and the discovery that was required to prepare this case for trial. After reviewing and considering the matter, the court was not persuaded that the parties had established good cause for the extended discovery cutoff requested. However, because a related state court trial was scheduled April 19, 2011, and counsel for the parties anticipated being in trial for two to three weeks, the court allowed 270 days, measured from the day of the Defendant's Answer, for the parties to complete discovery. The court specifically advised the parties at the hearing that any request for an extension of the Discovery Plan and Scheduling Order deadlines would be scrutinized for a showing of diligence and good cause. The court also directed the parties at the March 22, 2011 hearing, to initiate discovery forthwith.

      Despite this direction, it appears from the parties' stipulation that discovery was not initiated in

this case until August 8, 2011, when the Defendant served written discovery requests on the Plaintiff. The trial of the related personal injury case of Thomas Novick against Panelized Structures and its employee proceed in state court April 19, 2011 and was concluded May 12, 2011, although the parties engaged in post trial motion practice. The Rule 26(f) meeting in this case was noticed by Defendant to take place August 30, 2011, but the stipulation does not indicate whether it was actually conducted. Counsel state the additional time is needed because they have been engaged in extensive, complex motion practice, written discovery has only recently begun and the pleadings have not yet closed. However, the parties have not complied with the court's direction to initiate discovery promptly after the March 22, 2011 hearing, and the court finds the parties have not established good cause for an additional 120-day extension, which would extend the case management deadlines beyond what was initially requested, and rejected by the court. Accordingly,

**IT IS ORDERED** the parties' stipulation is **NOT APPROVED** and is **DENIED**, and the Discovery Plan and Scheduling Order deadlines established in the court's Scheduling Order (Dkt. #32) shall apply.

Dated this 15th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge