**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LIBERTY MUTUAL INSURANCE GROUP, )
                )
         Plaintiff,  ) Case No. 2:10-cv-01951-JCM-PAL
                )
vs.               ) **ORDER**
                )
PANELIZED STRUCTURES, INC.,    ) (Mot for Protective Order - Dkt. #51)
                ) (Reqst. for Pretrial Conf. - Dkt. #57)
        Defendant.  )
_____)

    The court conducted a hearing on Plaintiff Liberty Mutual's Motion for Protective Order (Dkt. #51), and Defendant/Counterclaimant/Third Party Plaintiff Panelized Structures, Inc.'s ("PSI") Request for a Pretrial Conference (Dkt. #57) on September 26, 2011. Elizabeth Foley appeared on behalf of the Plaintiff. Eugene Wait appeared on behalf of Defendant PSI, and Chris Albright appeared on behalf of Third Party Defendant Arizona Labor Force, Inc.

**I. Motion for Protective Order (Dkt. #51)**

    Plaintiff's Motion for Protective Order (Dkt. #51) seeks a protective order precluding the deposition of a Rule 30(b)(6) deposition from going forward "on short notice." Counsel for Defendant served counsel for Plaintiff with a Rule 30(b)(6) deposition notice on September 1, 2011, for a deposition scheduled September 13, 2011. Counsel for Plaintiff asserts that Rule 32(a)(5)(A) provides that deposition taken on less than fourteen days notice must not be used against a party who moves for a protective order. A protective order was sought because the deposition was set on thirteen days notice, and most of the information had already been propounded by interrogatories. Plaintiff argues interrogatories are a better discovery method to obtain the information sought, and that to comply with the Rule 30(b)(6) notice would have required Liberty Mutual to send persons most knowledgeable from

///

all over the country to Las Vegas to answer one question. Additionally, counsel for Plaintiff argues there is a "harassing undertone" to the deposition notice.

Defendant filed a Certification in Support of "Emergency Request for Judicial Assistance" in Opposition to the Motion for Protective Order (Dkt. #53). The Defendant argues that a Rule 30(b)(6) deposition was noticed for September 13, 2011, at 10:00 a.m., in Las Vegas because Defendant has been unable to confirm the true name of the "Liberty Mutual" entity which issued a worker's compensation insurance policy at issue in this case. Counsel for Defendant indicates he attempted to informally arrange for initial deposition discovery with counsel for Plaintiff, to clarify the entities and witnesses with knowledge of discoverable facts relevant to this case. However, counsel for Liberty Mutual refused to discuss or agree to a Rule 30(b)(6) deposition for any purpose. Counsel for Defendant indicates that counsel for Liberty Mutual, Elizabeth Foley, advised him that any attempt to schedule a Rule 30(b)(6) deposition would be opposed by a motion for protective order. Under these circumstances, on August 30, 2011, he served a notice of taking deposition of Plaintiff Liberty Mutual pursuant to Rule 30(b)(6) giving thirteen days notice of the deposition. Nine specific areas of inquiry were provided in the notice. Counsel for Liberty Mutual did not call opposing counsel to discuss the notice or request that it be rescheduled. Rather, after waiting eight days, the motion for protective order was filed. Liberty Mutual made no attempt to resolve this discovery dispute before filing the motion.

Counsel for Defendant also points out that the motion for protective order is not designated as an emergency motion as required by LR 7-5(d), does not set forth any ground for the motion other than its short notice, does not claim that thirteen days notice is unreasonable, and provides no legal ground for the relief requested.

On September 9, 2011, counsel for Defendant, Eugene Wait, consulted with Elizabeth Foley by telephone in a sincere effort to resolve this dispute without the court's intervention. Mr. Wiat's certification represents that he asked Ms. Foley if she wished to move the deposition to a later date; however, Ms. Foley refused to allow a Rule 30(b)(6) deposition of her client to go forward at any time and threatened to file a motion for protective order. Mr. Wait states he explained that the purpose of the deposition was to obtain verbal information to initiate discovery. The parties discussed this dispute for approximately twenty-four minutes before "Elizabeth Foley disconnected the telephones."

1  Plaintiff replies that Defendant refused to vacate the September 13, 2011 deposition, despite the
2  fact that Plaintiff provided the answer to several areas of inquiry telephonically on September 9, 2011,
3  and in interrogatories served on September 12, 2011. Because no representative from Liberty Mutual in
4  Boston could travel to Nevada on short notice, Plaintiff produced the Las Vegas Liberty Mutual Person
5  Most Knowledgeable for deposition. That person answered approximately fifty questions in a
6  deposition that lasted approximately one hour. Since the deposition was taken, Plaintiff has filed a
7  Motion to Strike (Dkt. #54) and another Motion to Remand (Dkt. #58). The motion to strike seeks to
8  strike Defendant's proposed pleading filed August 29, 2011, after the deadline for filing motions to
9  amend the pleadings.

10  Plaintiff argues that "the bottom line" is that the September 13, 2011, deposition notice seeks
11  discovery on issues outside the initial bad faith counterclaim on pleadings for which leave to amend has
12  not been granted. Additionally, the deposition notice would have required Boston employees of Liberty
13  Mutual to fly to Las Vegas on short notice to answer questions concerning why they authorized a 2006
14  subrogation action. Plaintiff argues that there are serious substantive law issues which require
15  resolution prior to re-noticing any Rule 30(b)(6) deposition notices. Specifically, Liberty Mutual argues
16  that PSI is using its bad faith counterclaim to seek discovery concerning the state court subrogation
17  action, that the Defendant is seeking discovery outside the statute of limitations applicable to their
18  counterclaim, and that the court should not allow discovery on the "wrongful subrogation" counterclaim
19  filed without leave of court after the expiration of the deadline for filing the motion to amend the
20  pleadings. The reply argues that the court should limit discovery on the counterclaim filed August 4,
21  2011, and that the court should not allow Defendant to issue a Rule 30(b)(6) deposition notice on short
22  notice requiring a lawyer from Boston to testify about proprietary corporate information.

### DISCUSSION

24  Fed. R. Civ. P. 26(c) permits a party to file a motion for a protective order. It provides in
25  pertinent part: "The motion must include a certification that the movant has in good faith conferred or
26  attempted to confer with the affected parties in an effort to resolve the dispute without court action."
27  *Id.*
28  / / /

Local Rule 26-7(b) also provides:

> Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court intervention.

Fed. R. Civ. P. 26(c) and Local Rule 26-7(b) serve several important purposes. First, the parties are required to meet and confer "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through promotion of informal, extra-judicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). Second, the meet-and-confer obligations "promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought". *Id*. For the meet-and-confer obligations to serve their purpose, it is essential "that parties treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. To accomplish this requirement,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during informal negotiations as during the briefing of discovery motions. Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be "a sincere effort" to resolve the matter.

*Id*. Judicial intervention should only occur when either informal negotiations have reached an impasse on the substantive issues in dispute, or one party has acted in bad faith by either refusing to negotiate or provide specific support for its claims. *Id*.

The court should not consider a discovery unless the moving party provides a certification of counsel which "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *Shufflemaster, Inc. v. Progressive Games, Inc.* 170 F.R.D. 166, 170 (D. Nev. 1996). Additionally, the moving party must actually perform the obligation to confer or attempt to confer in good faith to resolve the discovery dispute without court intervention. *Id*. To accomplish the underlying policy of Local Rule 26-7(b) and Fed. R. Civ. P. 26(c), the moving party must include more than a cursory statement that counsel have been "unable to resolve the matter" and "must adequately set forth in the motion essential facts

4

sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171.  A good faith attempt to resolve the discovery dispute without court intervention involves more than "the perfunctory parroting of statutory language on the certificate to secure court intervention," and requires "a genuine attempt to resolve the discovery dispute through non-judicial means." *Id*.

Plaintiff's motion for protective order contains a single statement of counsel that "I hereby certify that after personal consultation and a sincere effort to resolve this dispute, counsel have been unable to do so without Court action."  This statement consists, at best, of a perfunctory parroting of the requirement of LR 26-7(b) and does not comport with the Plaintiff's meet and confer obligations as outlined in *Nevada Power v. Monsanto* and *Shufflemaster, Inc. v. Progressive Games*.  Additionally, Plaintiff's reply brief asserts arguments concerning the permissible scope of discovery not raised in the initial motion which is improper.  Accordingly, the motion is denied.

## II.     Request for Pretrial Conference (Dkt. #57)

Defendant's request for a pretrial conference outlined a partial procedural history of this case and stated counsel's "firm conviction that this case requires a Rule 16 pretrial conference on an urgent basis."  The request did not state what counsel for Defendant was requesting to be discussed at a Rule 16 conference.  However, the court set the matter for hearing at the same time as the hearing on the motion for protective order.  On Friday, September 23, 2011, at 5:32 p.m., counsel for Defendant filed a pretrial memorandum with attachments, which the court did not realize had been filed before the hearing.  The pretrial memorandum outlined matters counsel for Defendant requested that the court address at a Rule 16 pretrial conference.

During the hearing, counsel for Defendant indicated that counsel for Plaintiff had not responded to letter requests to resolve outstanding discovery disputes, and was refusing to cooperate in providing substantive discovery responses.  Counsel for Plaintiff indicated that she had received counsel for Defendant's most recent letter on Friday, September 23, 2011, and had not had an opportunity to respond to it.  The court directed counsel to meet and confer in a good-faith effort to discuss and narrow their discovery disputes without court intervention.  Given the amount of time that has elapsed without any significant progress in pursuing discovery, the court will require the parties to meet and confer and

submit a joint status report in approximately two weeks. The court will set this matter for a status and dispute resolution conference, and resolve any outstanding discovery disputes without the need for formal briefing.

**IT IS ORDERED** that:

1. Plaintiff's Motion for Protective Order (Dkt. #51) is **DENIED**.
2. Defendant's Request for a Pretrial Conference (Dkt. #57) is **GRANTED**.
3. The parties shall meet and confer in a good-faith effort to resolve any outstanding discovery disputes. The parties shall have until **4:00 p.m., October 12, 2011**, to file a Joint Status Report. The Joint Status Report shall outline the parties' discovery disputes, and their respective positions regarding those disputes with sufficient specificity to enable the court to decide the matter without the necessity of formal briefing. The joint status report shall also address the specifics of the parties' efforts to resolve their disputes without the court's intervention as required by LR 26-7(b), *Nevada Power v. Monsanto* and *Shufflemaster, Inc. v. Progressive Games*. The parties' Joint Status Report shall also address any request for relief from the court's Discovery Plan and Scheduling Order deadlines.
4. A status and dispute resolution conference is scheduled for **October 18, 2011, at 9:30 a.m.** Counsel may appear telephonically. Any counsel who wishes to appear telephonically shall notify the undersigned's Courtroom Administrator, Jeff Miller, at (702) 464-5420, and provide a number at which he or she can be reached no later than **12:00 p.m., Monday October 17, 2011.**

Dated this 26th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge