# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LIBERTY MUTUAL INSURANCE GROUP,

        Plaintiff,

v.

PANELIZED STRUCTURES, INC., et al.,

        Defendants.

2:10-CV-1951 JCM (PAL)

## ORDER

Presently before the court is defendant and counterclaimant Panelized Structures, Inc.'s motion seeking leave to amend its counterclaim to add additional Liberty Mutual insuring entities. (Doc. #46). Plaintiff and counterdefendant Liberty Mutual Insurance Group has responded. (Doc. #48). Panelized Structures has replied. (Doc. #50).

Also before the court is Panelized Structure's motion to submit a revised proposed amended answer, countercomplaint, and third-party complaint. (Doc. #49). Liberty Mutual has not filed a response, but has moved to strike the revised proposed pleading. (Doc. #54). Panelized Structures has responded to the motion to strike (doc. #61), and Liberty Mutual has replied (doc. #65).

**I. Motion to Amend**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "The court should freely give leave [to amend] when justice so requires."

**James C. Mahan**
**U.S. District Judge**

1  Panelized Structures asserts that the insurance policy at issue uses Liberty Mutual entity
2  names in such a fashion that Panelized Structures is at risk of suing and recovering against the wrong
3  Liberty Mutual entity. As a result, Panelized Structures seeks to add additional Liberty Mutual
4  entities to its counterclaim to ensure all proper parties are included in its suit. Panelized Structures
5  asserts that if any Liberty Mutual entities are improperly named in the countercomplaint,
6  counterdefendant Liberty Mutual can move to dismiss the improperly named party.
7  This court finds good cause to grant Panelized Structures motion seeking leave to amend.

**II. Motion to Submit a Revised Proposed Amended Pleading**

9  Panelized Structures asserts that it is moving to submit a revised proposed amended pleading
10  to conform its third-party complaint with this court's August 16, 2011, order. In that order, this court
11  vacated its previous rulings granting third party defendant Arizona Labor Force, Inc.'s motion to
12  dismiss the first two claims of the third party complaint. Panelized Structures asserts that its revised
13  proposed pleading only reasserts those two claims, in light of the court's vacating order. However,
14  Panelized Structures also redrafted the factual basis for its counterclaims against Liberty Mutual for
15  the alleged breach of the implied covenant of good faith and fair dealing.

16  Liberty Mutual argues that the new allegations included in the alleged breach of good faith
17  and fair dealing claim amount to a new claim of wrongful subrogation. Liberty Mutual contends that
18  this claim seeks to hold Liberty Mutual liable for asserting statutory subrogation rights afforded to
19  workers compensation carries under state law. Liberty Mutual posits that this court is without
20  jurisdiction to hear disputes arising under the workmen's compensation laws of Nevada. For this
21  reason, and because the revised proposed pleading was filed nearly one month after the deadline to
22  amend pleadings, Liberty Mutual has moved to strike the pleading.

23  To the extent the revised proposed counterclaim reasserts claims one and two of the third-
24  party complaint, this court does not find that the scheduling order bars the amendment. Any
25  amendment to pleadings should have been filed by August 4, 2011. However, this court's order
26  vacating its previous ruling was not issued until August 16, 2011, nearly two weeks *after* the
27  deadline to amend. Accordingly, Panelized Structures delay in reasserting the first two claims in the

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    third-party complaint is excusable.

2         Similarly, this court's order granting the timely filed motion to amend to add additional
3    Liberty Mutual entities is only now being granted.  As such, any failure to add these parties prior to
4    August 4, 2011, is also excusable.

5         However, there is no similar excuse for Panelized Structures tardy redrafting of the factual
6    basis for its claim of breach of the implied covenant of good faith and fair dealing.  As Panelized
7    Structures admits in its response to the motion to strike, it sought to amend its pleadings to reassert
8    the claims in its third-party complaint, and then "took this opportunity to clarify the factual basis for
9    its counterclaims against Liberty Mutual. . ." Def.'s Opp. at 2.

10        Panelized Structures was not, however, at liberty to "take the opportunity to" amend its
11   counterclaims as the August 4, 2011 deadline had already passed.  Though the court's post-deadline
12   orders provided a basis for amending as to additional parties and third-party claims, there was no
13   similar basis for Panelized Structures to amend its good faith and fair dealing claims nearly a month
14   after the deadline.  Moreover, this court notes that Panelized Structures' motion to submit a revised
15   pleading does not discuss the additional facts or allegations that Panelized Structures included in the
16   pleading.

17        Accordingly,

18        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Panelized Structures'
19   motion to amend its counterclaim to add additional parties (doc. #46) be, and the same hereby is,
20   GRANTED.

21        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Panelized Structues'
22   motion to amend the amended pleading filed in connection with its motion to amend (doc. #49) be,
23   and the same hereby is, GRANTED in part and DENIED in part.  The pleading may be amended
24   only with regards to reasserting claims in the third-party complaint that were previously dismissed
25   by this court.

26        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Liberty Mutual's motion
27   strike (doc. #54) be, and the same hereby is, GRANTED.  To the extent the revised proposed

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

amended pleading makes changes other than adding additional Liberty Mutual entities or reasserting previously dismissed claims in the third-party complaint, the changes are stricken.

DATED October 11, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -