UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE GROUP,<br><br>  Plaintiff,<br><br>v.<br><br>PANELIZED STRUCTURES, INC., et al.,<br><br>  Defendants. | 2:10-CV-1951 JCM (PAL) |

**ORDER**

Presently before the court is plaintiff Liberty Mutual Insurance Group's second motion to remand this case to state court. (Doc. #58). Defendant Panelized Structures, Inc. has filed an opposition (doc. #66) to which Liberty Mutual has replied (doc. #70).

**Procedural Background**

This case was originally filed in state court on August 30, 2010. On November 5, 2010, Panelized Structures removed the case to the United States District Court for the District of Nevada, on the basis of diversity jurisdiction. On November 24, 2010, Liberty Mutual moved this court to remand the matter to state court. In its motion, Liberty Mutual argued that the case arose under Nevada's workmen's compensation laws and thus was non-removeable pursuant to 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.")

**James C. Mahan**
**U.S. District Judge**

On January 31, 2011, this court denied the motion, explaining "[t]he court disagrees and finds that plaintiff's claims arise out of state contract law, rather than from worker's compensation laws. This civil action does not rely on, is not based upon, and does not require interpretation of the workmen's compensation laws of the State of Nevada, as the worker's compensation benefits have already been paid. . . ." Order, Jan. 31, 2010, Dkt. #19, 2:26-3:2.

Liberty Mutual now renews its argument regarding workmen's compensation and also argues for remand based on a lack of subject matter jurisdiction, claiming the jurisdictional amount required for diversity jurisdiction is lacking. To the extent Liberty Mutual rests on its previous argument that the case arises under the workmen's compensation laws of Nevada, this court has already stated that Liberty Mutual's complaint states claims "aris[ing] out of state contract law." *Id.* This decision stands. Therefore, only issue for this court to determine is whether it has been divested of subject matter jurisdiction.

**Discussion**

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States. . . ." "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [citizens of different states.]" 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). However, "[e]vents 'occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *Barcume v. Cortes*, 24 Fed. Appx. 754, 756 (9th Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)).

Liberty Mutual asserts that it is no longer seeking over $75,000 in damages from Panelized Structures and therefore no diversity jurisdiction exists. Liberty Mutual has prevailed in a separate state action against Panelized Structures and been awarded approximately $16 million. Liberty Mutual represents that its "recovery on the jury verdict would eliminate the majority of the damages

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  [it] could otherwise claims against [Panelized Structures in this case]." Pl.'s Mot. to Remand 1:14-15.

Liberty Mutual overlooks the fact that the jurisdictional amount is determined at the time of removal. *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998). Accordingly, this court must look to the amount in controversy, as pleaded in the complaint. The subsequent jury verdict "occurr[ed] subsequent to the institution of suit" and "do[es] not oust jurisdiction." *Barcume*, 24 Fed. Appx. at 756 (quoting *St. Paul*, 303 U.S. at 288-90). As explained by the Court in *St. Paul*, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul*, 303 U.S. at 293. This court retains subject matter jurisdiction.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that plaintiff's motion to remand (doc. #58) be, and the same hereby is, DENIED.

DATED October 24, 2011.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -