UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LIBERTY MUTUAL INSURANCE GROUP, )
                                )
                    Plaintiff,  )   Case No. 2:10-cv-01951-JCM-PAL
                                )
vs.                             )        **ORDER**
                                )
PANELIZED STRUCTURES, INC.,     )
                                )
                    Defendant.  )
_____)

On October 18, 2011 the undersigned held a status and dispute resolution conference with counsel concerning discovery disputes memorialized in a Joint Status Report (Dkt. #68) and Separate Statement of Panelized Structures re Discovery Dispute (Dkt. #69). The court entered a temporary stay of discovery pending the district judge's decision on Plaintiff's Motion to Remand (Dkt. #58), and required counsel to submit a proposed discovery plan and scheduling order within thirty (30) days of the decision of the motion to remand taking into consideration the district judge's rulings concerning subject matter jurisdiction and the scope of the litigation, if any. The district judge denied Plaintiff's motion to remand in an Order (Dkt. #75) entered October 24, 2011. Additionally, on December 13, 2011 the District Judge entered an Order (Dkt. #89) granting Plaintiff's motion to dismiss Defendant's counterclaims. The court will review the Parties' discovery disputes in light of the district judge's rulings on the Motion to Remand and Order Dismissing the Defendant's Counterclaims.

**BACKGROUND**

**I.     Procedural History**

This is an action for contractual indemnification and equitable subrogation filed by Plaintiff Liberty Mutual Insurance Group ("Liberty Mutual") against Panelized Structures, Inc. ("PSI"). Liberty Mutual issued a workers compensation policy to Third Party Defendant Arizona Labor Force, Inc.

("ALFS"). On September 1, 2004 PSI entered into a customer agreement with ALFS d/b/a Allied Forces Temporary Services ("AFTS") in which it agreed to indemnify ALFS against claims related to "damages to company-owned vehicles, machinery or materials to which Allied Forces Temporary Services employees may be assigned." On September 1, 2004 AFTS employee, Thomas Novick, was seriously injured when an agent or employee of PSI ran over him with a rough terrain forklift leased by PSI. Liberty Mutual paid for all of Novick's medical expenses and compensation costs which exceeded $500,000. It filed a state tort action against PSI and one of its employees, Floyd Nielsen, alleging their negligence caused Novick's catastrophic injuries. Novick filed his own State Court personal injury action and the two cases were consolidated for trial. In May 2011 a Nevada State Court jury returned a damages verdict in excess of $16 million in favor of Liberty Mutual and Thomas Novick against Defendants Floyd Nielsen and PSI. The Defendants have posted a supersedeas bond and have appealed the decision to the Nevada Supreme Court.

On August 29, 2010 Liberty Mutual filed this case in state court two days before the expiration of Nevada's six-year contract statute of limitations to preserve the statute of limitations. It seeks contractual indemnification under the customer agreement between AFTS and PSI, and equitable subrogation under the provisions of Chapter 616 of the Nevada Revised Statutes. Liberty Mutual intended to seek a stay of this contract action until the outcome of the consolidated state court tort action because the same damages, *i.e* the Nevada workers compensation benefits and medical expenses Liberty Mutual paid to and on behalf of Novick, were sought in both actions. However, PSI removed this case to this court before consolidation or a stay could be sought.

PSI filed a bad faith Counterclaim (Dkt. #20) February 14, 2011 in this federal case, and filed an Amended Counterclaim (Dkt. #71) on October 17, 2011. As indicated, the district judge has dismissed the counterclaims asserted in the amended complaint. In its first motion to remand Liberty Mutual argued that this case was non-removable pursuant to 28 U.S.C. §1445(c) which provides that "A civil action in any State court arising under the workers compensation laws of such State may not be removed to any district court of the United States." The district judge's Order (Dkt. #19) denying Liberty Mutual's first motion to remand found that Liberty Mutual's claims arise out of state contract law rather than workers compensation laws and therefore denied the motion. In its second motion to

1  remand Liberty Mutual argued this court lacks subject matter jurisdiction because the jurisdictional
2  amount required for diversity is lacking.  Specifically, Liberty Mutual argued that it is no longer seeking
3  more than $75,000 in damages from PSI as it prevailed in the state court action against PSI and has
4  been awarded approximately $16 million in damages.  Therefore, no diversity jurisdiction exists.  The
5  district judge's Order (Dkt. #75) denying Liberty Mutual's second motion to remand found that under
6  applicable Ninth Circuit authority the court looks to the jurisdictional amount at the time of removal,
7  and as plead in the complaint.  Thus, the subsequent State court jury verdict did not divest the court of
8  jurisdiction under controlling Ninth Circuit authority.

## II.  The Parties' Discovery Disputes

The disputes between Plaintiff Liberty Mutual and Defendant PSI involve a Rule 30(b)(6) deposition noticed by counsel for PSI on less than fourteen (14) days notice, which requested production of documents relating to the underwriting of the Liberty Mutual workers compensation policy in early 2004.  The Rule 30(b)(6) deposition notice requested information concerning the person who authorized filing the State Court action.  Plaintiff seeks a protective order precluding PSI from conducting discovery on its late filed "wrongful subrogation" counterclaim and from seeking discovery of claims barred by Nevada's four year statute of limitations for bad faith and breach of the covenant of good faith and fair dealing.  Liberty Mutual filed its State court statutory subrogation action in February 2006, five years before PSI filed its counterclaim for bad faith.  Thus, Liberty Mutual asserts that discovery of documents dating back to 2004 are neither relevant nor discoverable.  Liberty Mutual also argues that the allegations of the PSI counterclaim were litigated in State court and that after PSI lost its third motion for summary judgment PSI filed counterclaims in this federal action which the district judge has now dismissed.

Liberty Mutual maintains that PSI is abusing discovery in this case by seeking discovery of identical documents for which the district judge in the State court action quashed a subpoena.  Liberty Mutual claims that the documents PSI seeks in this case are the identical documents for which the district judge quashed a subpoena issued in the State court action.  A protective order is also sought precluding PSI from conducting discovery on its late filed "wrongful subrogation" counterclaim and from seeking discovery more than four years prior to the filing of its bad faith counterclaim.

Liberty Mutual filed a motion for protective order because the Rule 30(b)(6) deposition was set on less than fourteen days notice. However, counsel for Plaintiff did not characterize the motion as an emergency because Fed.R.Civ.P. 32(a)(5)(A) limits the use of a short noticed deposition. Because counsel for PSI refused to postpone the deposition, counsel for Liberty Mutual produced a local person most knowledgeable for Liberty Mutual for the deposition on the date noticed who answered questions for approximately an hour.

PSI seeks an order compelling Liberty Mutual to respond to requests for admission, provide answers to interrogatories, and to respond to requests for production of documents. The discovery responses in dispute are attached as Exhibits B-1, B-2 and B-3 to PSI's Separate Statement Re Discovery Disputes (Dkt. #69). PSI contends that all of the discovery it seeks is relevant to its claim that it is a specific intended beneficiary of Liberty Mutual's workers compensation policy. PSI maintains that in discovery ALFI acknowledges that it negotiated for issuance of a workers compensation policy for the mutual benefit of ALFI (Novick's payroll employer), and ALFI's customers (in this case PSI), in addition to coverage for short-term laborers (in this case Novick), to comply with the requirements of the Nevada Industrial Insurance Act ("NIIA"). PSI believes it is an "employer" as defined by the NIIA as it was supervising Novick at the time of his injuries. Novick was working at PSI's Henderson storage yard because PSI telephonically requested ALFI to supply two laborers to perform heavy labor for moving construction materials. PSI contends that Novick's employer was ALFI, which it characterizes as a labor broker. PSI also contends that when Novick appeared for work on September 1, 2004 he was given a work order-customer agreement which identified PSI as his short-term employer and that Novick consented to his short-term employment by PSI from his conduct.

PSI maintains that Novick was a "borrowed servant" at the time of his injuries and that ALFI was a "general employer", and PSI was a "special employer". When Novick was injured PSI notified ALFI that it should report Novick's injury to its workers compensation carrier. ALFI did so and Liberty Mutual accepted coverage and provided benefits. PSI did not expect that Liberty Mutual would pay benefits to one of its insureds, Novick, and seek reimbursement from PSI. PSI contends that by filing a subrogation action against PSI Liberty Mutual breached its fiduciary duty and violated equitable

principles that an insurer may not seek subrogation from a co-insured of the named insured. PSI's counterclaim also alleged that it is a breach of the implied covenant of good faith and fair dealing to provide workers compensation benefits to an injured employee and seek reimbursement from the employer who arranged for the coverage that paid the benefits. Based on notice pleading principles in federal courts, PSI contends its counterclaim is sufficient, and PSI is entitled to pursue and clarify in discovery its legal theories, measure of damages, and affirmative defenses plead in the complaint and counterclaim.

PSI also argues that Liberty Mutual's Rule 26(a)(1) disclosures to its counterclaim are insufficient because they did not provide the insurance agreement under which an insurance business may be liable to satisfy all or part of the possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment. Finally, PSI asserts that ALFI's August 16, 2011 responses to PSI's requests for admission are insufficient. However, counsel for ALFI and PSI have agreed that ALFI will serve amended responses.

**III.    Analysis**

Having reviewed and considered the Parties' discovery disputes the court will deny PSI's motion to compel Liberty Mutual to supplement it's responses to the requests for admission. Although Liberty Mutual interposed objections, responses were provided admitting in whole or in part and/or denying the requests. Moreover, counsel for PSI treats the requests for admission as discovery requests in arguing that Liberty Mutual's objections are not well taken, and that these requests involve discovery of non-privileged information relevant to a claim or defense in this case.

The Ninth Circuit has recognized that requests for admissions "are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be." *Conlon v. United States*, 574 F.3d 616, 622 (9th Cir. 2007). Rule 36(a) "seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." *Id.* The goal of requests for admissions is to "eliminate from the trial matters as to which there is no genuine dispute." *People of the State of California v. The Jules F Ribourg*, 19 F.R.D 432, 436 (N. D. Cal 1955). For this reason, "requests for admissions are not principally discovery devices." *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998), (citing *8A Charles Allen Wright, Arthur R.*

*Miller & Richard L. Marcus, Federal Practice and Procedure Civil § 2252 at 522-525).* ("Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. The party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36.")

PSI does not really claim that Liberty Mutual's responses are insufficient. Rather, PSI argues Liberty Mutual's responses assert standardized objections which are invalid. Rule 33 limits the number of interrogatories a party may serve on another party to twenty five including discrete subparts. PSI may not exceed the interrogatory limitation of Rule 33 by serving requests for admission which PSI admits seek discovery of information it argues is relevant to its claims or defenses.

The court will grant in part and deny in part PSI's request that the court compel Liberty Mutual to supplement its written discovery responses. Liberty Mutual's complaint in this case asserts claims for contractual indemnification pursuant to the customer agreement between PSI and Allied Forces Temporary Services which was entered into September 1, 2004. Liberty Mutual's complaint alleges that Thomas Novick was an employee of its insured, ALFI who was injured on September 1, 2004, and that it paid in excess of $500,000 in workers compensation benefits for Novick's claim. Liberty Mutual claims that Novick was seriously injured when an agent or employee of PSI ran over Novick with a rough terrain forklift leased by PSI. Liberty Mutual alleges that according the terms of the 2004 workers compensation policy issued to ALFI, it is subrogated to the rights of its insured, ALFI d/b/a Allied Forces Temporary Services. Liberty Mutual also alleges that it has a statutory right to subrogation pursuant to N.R.S. 616C.215. Thus, Liberty Mutual's claims are based both on its contractual indemnification rights under its policy and equitable subrogation rights codified in Chapter 616 of the Nevada Revised Statues.

PSI attempted to assert counterclaims which have now been dismissed. However, PSI is entitled to relevant discovery to defend this action. PSI has asserted a number of affirmative defenses including the affirmative defense that Liberty Mutual is barred from asserting a subrogation claim because PSI is an implied additional insured, or co-insured under the workers compensation policy issued to ALFI.

PSI's request to compel Liberty Mutual to supplement its answers to interrogatories is granted in part and denied in part. The court will compel Liberty Mutual to supplement its answers to Interrogatory Nos. 5-8 which ask for the identity and related information for authorized custodians for certain records and persons responsible for authorizing the commencement and prosecution of the subrogation claim filed in State court. PSI's request to compel supplemental responses to answers to Interrogatories No. 2 and 9-13 is denied. Interrogatory No. 2 is ambiguous and argumentative, and Liberty Mutual answered Interrogatories 9-13. PSI's request to compel a response to Interrogatory Nos. 14 & 15 is denied. These interrogatories seek information concerning whether Liberty Mutual has a policy of insurance insuring it for claims related to the underlying State court action, and whether at the time this suit was filed Liberty Mutual had any insurance policy "through which you were or might be insured in any manner (for example, primary, pro-rate, or excess liability coverage) for asserting the claims against PSI in this action." The district judge has now granted Liberty Mutual's motions to dismiss the counterclaims. Therefore, the court finds these discovery requests are neither relevant nor discoverable within the meaning of Rule 26(b)(1).

PSI also seeks and order compelling Liberty Mutual to supplement its responses to Request for Production Nos. 1-7, 12-18 & 19. PSI's separate statement concerning its discovery disputes states that these requests are "directed to Plaintiff Liberty Mutual" but do not otherwise specify how the responses are purportedly insufficient. The separate discovery dispute statement also contends that the responses to Requests Nos. 12-18 are not responsive, and that Liberty Mutual has not provided the insurance agreement which may be available to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment. Liberty Mutual's responses to Request for Production Nos. 1-3 assert objections, but indicate that Liberty Mutual hired Blue Tree Investigative and Administrative Services who took photographs, conducted an investigation and prepared reports which were produced to PSI in the underlying State court litigation. Response to Request for Production No. 4, which asks for copies of any documents in Liberty Mutual's possession which evaluated the potential subrogation claim against PSI arising out of Novick's injury on September 1, 2004, was objected to but an answer provided that PSI was in possession of five years of discovery in the State court negligence action. Request No. 5 requests all documents in Liberty

Mutual's possession which comprise, refer or relate to the application for the policy issued to Arizona Labor Force which provided benefits to Novick for the injury on September 1, 2004. Liberty Mutual did not respond, but objected on a number of grounds. Request No. 6 requests documents in Liberty Mutual's possession which refer or relate to the underwriting of the policy issued to Arizona Labor Force for benefits to Novick for the September 1, 2004 injury. Liberty Mutual asserted a number of objections and did not respond. Request No. 7 asks for documents in Liberty Mutual's possession which refer or relate to the underwriting guidelines for the policy issued to Arizona Labor Force in effect on September 1, 2004. Liberty Mutual asserted a number of objections and did not otherwise respond.

Request for Production Nos. 12-18 ask for documents which identify the name, address, job title and corporate employer of the person primarily responsible for processing the application for the policy issued to Arizona Labor Force; the person responsible for underwriting the policy issued to Arizona Labor Force; material documents which describe Liberty Mutual underwriting guidelines for processing an application for workers compensation policy for a temporary services labor broker similar to Arizona Labor Force; documents which identify by name, address, job title and corporate employer, the legal name of the employee responsible for authorizing the subrogation action; material documents which identify the name, address, job title, work address and corporate employer and legal name of the employee primarily responsible for authorizing the subrogation action in State court; material documents which reflect the authorization for the subrogation action filed in State court; and material documents which reflect the authorization for the continued prosecution of the subrogation action in State court. Liberty Mutual objected to each of these requests on various grounds. Specifically, Liberty Mutual objected that the requests seek attorney-client privileged communications, documents beyond the applicable statute of limitations, that PSI is attempting to litigate in federal court State workers compensation issues which were or should have been litigated in the state court negligence action, and that this court lacks diversity jurisdiction.

Finally, request for Production No. 19 asks for material documents which reflect the identity of the third party liability insurance carrier for Defendant PSI in the subrogation action filed in state court. Liberty Mutual asserted the same objections interposed in Response to Request for Production Nos. 12-

18 but responded that PSI submitted disclosures in the state court negligence action disclosing $1million of coverage "when in reality, PSI had $20 million in liability insurance coverage. Defendant PSI has copies of the documents disclosing only $1 million of liability coverage."

The court will require Liberty Mutual to supplement its responses to Requests for Production of Documents Nos. 1-4 to clarify whether all responsive documents were previously produced in the underlying State court action, and whether Liberty Mutual has withheld any responsive documents on the basis of privilege or on some other grounds. If Liberty Mutual has withheld any responsive documents to these request on the grounds of privilege, it shall serve opposing counsel with a privileged document log which complies with the requirements of Rule 26(b)(5). With respect to Request for Production Nos. 5-7 and 12-18 the court finds that these discovery requests are over broad. Additionally, given the district judge's rulings on the motion to dismiss the counterclaims and the court finds that the burden or expense of the additional proposed discovery PSI seeks outweighs its likely benefit, considering the needs of the case, the amount in controversy, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Request No 19 is neither relevant nor discoverable given the district judge's order dimissing PSI's counterclaims.

For the reasons discussed,

**IT IS ORDERED:**

1. Liberty Mutual's motion for protective order concerning the Rule 30(b)(6) deposition notices is **GRANTED** to the extent that the deposition may not be used against Liberty Mutual as Liberty Mutual received less than fourteen days notice of the deposition, and promptly applied for a protective order.

2. Liberty Mutual's motion for protective order that PSI not be permitted to obtain "duplicate discovery" is **GRANTED** to the extent that Liberty Mutual shall make all documents produced in the underlying State court action available for inspection and copying if responsive to discovery requests in this litigation. Liberty Mutual need not reproduce copies previously provided. However, documents Liberty Mutual produced in the State court action shall be deemed produced in this action, and available for the use

of PSI and Third Party Defendant ALFI for all purposes in this case.

3. Liberty Mutual shall serve a privileged document log which fully complies with the requirement of Rule 26(b)(5) as to any responsive documents withheld from production on privileged grounds not later than **January 13, 2012**.

4. PSI's request to compel Liberty Mutual to supplement its Responses to Requests for Admissions is **DENIED**.

5. PSI's request to compel Liberty Mutual to supplement its Answers to Interrogatories is **GRANTED in part and DENIED** in part consistent with the body of this order.

6. PSI's request to compel Liberty Mutual to supplement its Responses to Requests for Production of Documents is **GRANTED in part and DENIED** in part consistent with the body of this Order.

7. Liberty Mutual shall supplement its discovery responses consistent with the body of this order not later than **January 13, 2012**.

8. Any requests for relief not specifically addressed in this Order is **DENIED**.

DATED this 27th day of December, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE