UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LIBERTY MUTUAL INSURANCE GROUP,

        Plaintiff,

v.

PANELIZED STRUCTURES, INC., et al.,

        Defendants.

2:10-CV-1951 JCM (PAL)

**ORDER**

Presently before the court is defendant and counterclaimant Panelized Structures, Inc.'s ("PSI") motion for reconsideration. (Doc. #90). Plaintiff and counterdefendant, Liberty Mutual Insurance Group ("Liberty Mutual") has filed an opposition (doc. #93), to which PSI has replied (doc. #94).

Also before the court is Liberty Mutual's motion to strike PSI's reply in support of its motion for reconsideration, or in the alternative, motion for leave to file a sur-reply. (Doc. #95). PSI has filed an opposition to the motion to strike and also a motion seeking leave to file a response to the sur-reply. (Doc. #100). Liberty Mutual has filed a limited response to PSI's opposition and motion. (Doc. #101).

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear

**James C. Mahan**
**U.S. District Judge**

error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229 F.3d at 890; *see also* FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(b). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they would reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890.

Here, PSI argues that the court erred in dismissing its breach of the implied covenant of good faith and fair dealing counterclaims as time-barred. PSI alleges that the court erroneously applied a four-year tort statute of limitations to the claim, as opposed to the more generous six-year contractual limitations period.

PSI never argued against applicability of the four-year limitations period in its original opposition to the motion to dismiss. Accordingly, it cannot now use a motion for reconsideration "to raise arguments or present evidence for the first time when they would reasonably have been raised earlier in the litigation." *See Kona*, 229 F.3d at 890. To do so, would give PSI the proverbial second bite at the apple. Motions for reconsideration are not to be used for such purposes. *See id.* Indeed, this court cannot reconsider each of its decisions whenever a litigant decides to raise an argument that it realizes it should have raised previously. Such a practice undercuts the considerations of finality and conservation of judicial resources that underlie the reconsideration analysis. *See id.'*

In light of the foregoing, the motions seeking to strike PSI's reply, seeking leave to file a sur-reply, and seeking leave to file a sur-sur-reply are moot. Even if this court were to grant leave to file a sur-reply and additional reply thereto, the court's same analysis would control the adjudication of the present motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that PSI's motion for reconsideration (doc. #90) be, and the same hereby is, DENIED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1     IT IS FURTHER ORDERED that the related motions to strike, seeking leave for sur-replies, and seeking leave for sur-sur-replies (docs. #95, #100), be, and the same hereby are, DENIED as moot.

DATED April 6, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**