UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE GROUP,<br><br>Plaintiff,<br><br>v.<br><br>PANELIZED STRUCTURES, INC., et al.,<br><br>Defendants. | Case No. 2:10-cv-01951-MMD-PAL<br><br>ORDER<br><br>(Plf.'s Motion to Substitute LM Insurance Corporation as Plaintiff Real Party in Interest Pursuant to Rule 17(A) – dkt. no. 119; Def.'s Motion to Dismiss – dkt. no. 132; Def.'s Motion for Judicial Estoppel – dkt. no. 165) |
| PANELIZED STRUCTURES, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE GROUP, LM INSURANCE CORPORATION, and LIBERTY MUTUAL INSURANCE GROUP/BOSTON,<br><br>Counterdefendants. | |
| PANELIZED STRUCTURES, INC.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ARIZONA LABOR FORCE, INC., an Arizona corporation, dba ALLIED FORCES TEMPORARY SERVICES,<br><br>Third-Party Defendant. | |

## I. SUMMARY

Before the Court are Plaintiff Liberty Mutual Insurance Group's Motion to Substitute LM Insurance Corporation as Plaintiff Real Party in Interest Pursuant to Rule 17(a) (dkt. no. 119), Defendant Panelized Structure's Motion to Dismiss (dkt. no. 132), and Defendant Panelized Structure's Motion for Judicial Estoppel (dkt. no. 165). Liberty Mutual Insurance Group alleges that this action was inadvertently brought in its name, rather than the name of its subsidiary, LM Insurance Corporation, who was the actual party to the disputed contract. However, Liberty Mutual Insurance Group brought this motion after two years of litigation, including litigation on the very subject of the real party in interest. For this reason, Panelized Structures opposes the motion, and has brought separate motions arguing that Liberty Mutual is estopped from making the argument that it is not the real party in interest, and that the Court lacks subject matter jurisdiction as the suit is not prosecuted by the real party in interest. For the reasons discussed below, Plaintiff's Motion to Substitute is granted, and Defendant's Motions to Dismiss and for Judicial Estoppel are denied. Liberty Mutual is also ordered to show cause why the Court should not impose sanctions for its negligent misrepresentations to the Court.

## II. BACKGROUND

The facts of this case are more particularly set out in this Court's prior Orders. Pertinent to these motions is that Plaintiff Liberty Mutual Insurance Group ("Liberty Mutual") brought a subrogation action against Defendant Panelized Structures, Inc. ("Defendant") seeking to recover the amount of workman compensation benefits Liberty Mutual paid to its insured, whom Defendant had allegedly injured. On November 5, 2010, Defendant moved to dismiss the action, (dkt. no. 5) arguing, *inter alia*, that LM Insurance Corporation ("LMIC") — a wholly owned subsidiary of Liberty Mutual — was its contractual insurer and the real party in interest. The Court's Order dated January 31, 2011, (dkt. no. 18) rejected Defendant's argument based upon inspection of a copy of the insurance policy provided by Liberty Mutual, and Liberty Mutual's insistence that it was, in fact, the insurer. Defendant's Answer (dkt. no. 20) maintained as an affirmative

defense that Liberty Mutual was not the real party in interest and had no standing to bring suit.

After more than a year of litigation, Liberty Mutual brought this Motion to Substitute ("Substitution Motion"), seeking to substitute LMIC as the real party in interest. In the Substitution Motion, Liberty Mutual admits that it was not a party to the contract, but rather its subsidiary. LMIC was actually the insurer of the policy. Liberty Mutual alleges that it inadvertently brought the action in its own name, rather than the name of its subsidiary due to the fact that the insurance policy's declarations page lists both Liberty Mutual and LMIC. Inspection of Exhibit 1 attached to Liberty Mutual's Reply (dkt. no. 126-1) reveals that the policy includes the names of both "Liberty Mutual Insurance Group/Boston" and LMIC.[1] Liberty Mutual characterizes this as understandable oversight, and seeks now to replace itself with LMIC as the plaintiff to this action.

Defendant opposed the Substitution Motion, and brought a Motion for Judicial Estoppel ("Estoppel Motion") to prevent Liberty Mutual from arguing that it is not the real party in interest after it argued it was the real party in interest in its Response in Opposition to Defendant's Motion to Dismiss. Defendant has also brought a Motion to Dismiss ("Motion to Dismiss") arguing that because the case is not prosecuted by the real party in interest, no case or controversy exists, and the Court lacks jurisdiction to hear the matter.

**III.   DISCUSSION**

   **A.   Motion for Judicial Estoppel**

Preliminary to the question of whether substitution is proper at this point in the litigation is the question of whether Liberty Mutual is estopped from arguing it is not the real party in interest and is thus estopped from bringing the Substitution Motion. Thus, the Court first addresses Defendant's Estoppel Motion.

---

[1] The Court notes that the copy of the policy originally submitted in opposition to Defendant's Motion to Dismiss was of poor quality, rendering LMIC's name at the top of the page illegible. (*Compare* dkt. no. 126-1 *with* dkt. no. 8-2.)

The equitable rule of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227, n. 8 (2000). The purpose of the rule is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal quotations omitted). Judicial estoppel "is an equitable doctrine invoked by a court at its discretion," and "most commonly applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal citations omitted).

"[T]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," *New Hampshire*, 532 U.S. at 750 (quoting *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982)). However, in deciding whether to apply the doctrine, courts examine three factors: (1) whether the party's later position was clearly inconsistent with its earlier position, (2) whether the party was successful in persuading a court to accept its earlier position such that acceptance of the later position would create the perception that either the first or the second court was misled, and (3) whether the party would derive an unfair advantage if not estopped. *Id*. at 750-51. In addition, "judicial estoppel seeks to prevent the *deliberate* manipulation of the courts, and therefore should not apply when a party's prior position was based on inadvertence or mistake." *U.S. v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (internal quotations omitted).

Although the factors technically weigh in favor of applying judicial estoppel, Liberty Mutual's actions do not appear to present the deliberate manipulation of the courts that the rule seeks to prevent. Liberty Mutual's positions in this litigation are

certainly inconsistent[2] and it was successful in persuading the Court to deny Defendant's Motion to Dismiss. As a result, Defendant has been forced to defend against an action, which, at least at this point, would be barred by the applicable statute of limitations. Thus, having prevailed on the Motion to Dismiss by arguing that it was the real party in interest, the factors weigh in favor of applying judicial estoppel to prevent Liberty Mutual from prevailing at this stage with a contradictory argument. However, Liberty Mutual's prosecution of the action appears to be attributable to negligence and a lack of due diligence in investigating the policy, rather than a knowing and deliberate tactic to manipulate the Court for advantage. Thus, Liberty Mutual's change in position is not a deliberate attempt to adapt to the exigencies of the moment, but simply sloppy lawyering. Consequently, any prejudice that Defendant has suffered is nominal— although the caption of the case is technically incorrect, Defendant has been apprised of the action against it and has been able to prepare its defense. For these reasons, Liberty Mutual is not judicially estopped from making the argument that LMIC is the real party in interest. Defendant's Estoppel Motion is denied.

### B. Motion for Substitution

Having resolved that preliminary question, the Court now considers the Substitution Motion.

The Federal Rules of Civil Procedure require that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Where the action is originally brought by a party other than the real party in interest, the rule provides for substitution by limiting a court's ability to "dismiss an action for failure to prosecute in the

---

[2] Liberty Mutual makes the spurious argument that its actions were not inconsistent. Indeed, Liberty Mutual seems so self-assured of the accuracy of its argument that it asserts any disagreement with its position makes the Court inherently incorrect. (Dkt. no. 171 at 6.) ("Even if this Court (incorrectly) determines Liberty Mutual's current position is incompatible with its earlier position, judicial estoppel would still not apply.") Liberty Mutual apparently does not understand the definition of inconsistent. Liberty Mutual's first argument was that it was the real party in interest. Liberty Mutual's second argument was that it was not. In the Court's opinion, flawed as Liberty Mutual may perceive it to be, this is clearly inconsistent.

name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). If the real party in interest ratifies, joins, or is substituted, the "action proceeds as if it had been originally commenced by the real party in interest." *Id.* Thus, the action may be maintained, "even though the original plaintiff presumably has no standing." *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, No. CV-S-04-1199-DAE-RJJ, 2007 WL 4380134 at *3 (D. Nev. Dec. 11, 2007) (*quoting Covert v. Ligget Group, Inc.*, 750 F.Supp. 1303, 1310 (M.D. La. 1990)).

However, substitution under Rule 17(a) is only applicable when the wrong party initiated suit because "determination of the right party to sue [was] difficult" or because "an understandable mistake [was] made." *See U.S. for Use and Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074-75 (9th Cir. 1989) (*citing* Fed. R. Civ. P. 17 advisory committee's notes). Consequently, the proper application of Rule 17(a) is only to avoid injustice through error correction. *See Goodman v. U.S.*, 298 F.3d 1048, 1053 (9th Cir. 2002). Purposeful implementation of Rule 17(a) as part of trial strategy is improper. *See Wulff*, 890 F.2d at 1075 ("Rule 17(a) does not apply to a situation where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment").

Additionally, because the rule's main purpose is to avoid injustice, "equitable principles should apply" in assessing the applicability of Rule 17(a) and the court must consider the prejudice to both parties and the public policy interest in litigating suits on their merits. *Continental Ins. Co. v. N.A.D., Inc.*, 16 Fed. Appx. 659, 661 (9th Cir. 2001) (citing Fed. R. Civ. P. 17 advisory committee notes). When considering prejudice to a defendant, "[a]s long as defendant is fully appraised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense." 6A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 1501 (3d ed. 2012);

*Rousseau v. Diemer*, 24 F.Supp.2d 137,144 (D. Mass. 1998). When considering public policy, more time and expense spent in litigation increases the weight of the policy favoring decisions on the merits. *See Continental*, 16 Fed. Appx. at 662.

In its Response in Opposition, Defendant argues that Liberty Mutual should be denied substitution because Liberty Mutual, as a non-party to the contract, lacks standing to bring the motion.  Such a construction of Rule 17(a) completely ignores the rule's substitution provisions, which specifically contemplate transfer from a non-party to the real party in interest without any interruption of the proceedings.  Moreover, the cases that Defendant cites in support of its argument deal primarily with the proper application of Rule 17(a) rather than standing. Further, those cases deal with scenarios where the named plaintiff was an entity completely foreign to the real party in interest and brought suit with knowledge that it was not the real party in interest.  The situation presented here of a parent corporation suing rather than the real-party-in-interest-subsidiary is not necessarily analogous to those cases.  Thus, Liberty Mutual can properly bring the motion.

In assessing the merits of the Substitution Motion, Liberty Mutual's argument that its prosecution of this action resulted from an understandable mistake is somewhat questionable.[3]  Liberty Mutual *should* have known LMIC was the actual party to the contract. The Court presumes that an insurance conglomerate should have the sophistication and organizational capacity to identify which of its legal entities is a party to a particular contract.  Additionally, Liberty Mutual's motion cites no new facts or events that brought its error to light or cleared up the confusion under which Liberty Mutual was laboring. This suggests Liberty Mutual possessed all the information needed to determine the real party in interest at the outset of litigation.  Thus, while Liberty Mutual's

---

[3]Liberty Mutual's Substitution Motion never actually avers its actions resulted from a mistake or difficulty in determining who actually was signatory to the policy.  Only Liberty Mutual's Reply to the Substitution Motion characterizes Liberty Mutual's actions as understandable oversight due to the presence of both Liberty Mutual and LMIC listed on the policy form.

prosecution of this action may have resulted from "mistake," the Court questions whether such a mistake was "understandable."

Additionally, whether Liberty Mutual brought this Substitution Motion within a reasonable time after Defendant brought its objection in the form of its Motion to Dismiss is also questionable. An objection is raised by the filing of a motion. *See Continental Ins. Co. v. N.A.D., Inc.*, 16 Fed. Appx. 659 (citing *Weissman v. Weener*, 12 F.3d 84, 87 (7th Cir. 1993)). Thus, Liberty Mutual was on notice that it was not the real party in interest on November 5, 2010, when Plaintiff filed its Motion to Dismiss. Liberty Mutual did not bring this Substitution Motion until May 25, 2012, nearly two years later. The Court also questions whether a near twenty-month delay was a "reasonable time" under the circumstances.

However, Liberty Mutual's actions do not appear to be a purposeful implementation of Rule 17(a) as part of trial strategy. Rather, Liberty Mutual's prosecution of the action seems more a result of a negligent or lack of due diligence. Defendant's argument that Liberty Mutual brought suit to toll the statute of limitations to preserve the action for its subsidiary seems unlikely and is unsupported by evidence. The Court finds that Liberty Mutual's inadvertence, even if bordering on unreasonable, is not the type of action excepted from substitution under Rule 17(a).

Further, application of Rule 17(a) must be viewed in light of the potential prejudices to the parties and policies in favor of decisions on the merits, which, in this case, weigh in favor of substitution. Denial of the Substitution Motion would result in great prejudice to the LMIC, the actual real party in interest, but a grant of the Substitution Motion would not result in great prejudice to Defendant. Denial of the Substitution Motion would amount to a dismissal of the entire case since, at this point, the statute of limitations has run on the claim and any subsequent suit would be barred. Consequently, LMIC would be wholly deprived of any remedy to which it may have been entitled. Contrarily, although Defendant has suffered some inconvenience from denial of its Motion to Dismiss and the failure to have this issue resolved at the outset of litigation,

Defendant has been fully apprised of the claim, has prepared to defend, and has in fact defended itself against this action for some time. Moreover, had the Court granted Defendant's original motion to dismiss, the result likely would have been an amended complaint or substitution motion brought at that time rather than now; litigation would have nonetheless continued. Additionally, although discovery has closed, LMIC has ratified each answer provided by Liberty Mutual in response to Defendant's discovery requests. Defendant has not identified any additional discovery that would have to take place or inaccuracies resulting from Liberty Mutual rather than LMIC providing the information.

Furthermore, this litigation has been ongoing for more than two years and the parties have expended significant resources. The policy considerations favoring a decision on the merits weigh heavily in favor of substitution in this case. Although Liberty Mutual should have been able to determine which of the group of companies was actually a party to a contract or, alternatively, should have been able to correct this error sooner, the Court finds that the actions of Liberty Mutual do not make Rule 17(a) inapplicable and the resulting prejudices to the parties as well as the public policy in favor of decisions on the merits require that the Substitution Motion be granted.

### C. Motion to Dismiss

In addition to opposing the Substitution Motion, Defendant also moves the Court to dismiss the case as it is not prosecuted by the real party in interest. However, having granted the Substitution Motion, this motion is moot. Rule 17(a) contemplates that a proper plaintiff may be substituted for an improper one and does not deprive a court of jurisdiction even though the original, improper plaintiff is shown to not have standing. Rule 17(a) also allows the case to proceed "as if it had been originally commenced by the real party in interest." Thus, the Court retains jurisdiction and the action may proceed; Defendant's Motion to Dismiss is denied as moot.

///

///

### D.     Order to Show Cause

Notwithstanding the Court's grant of Liberty Mutual's Substitution Motion, Liberty Mutual made misrepresentations to the Court. An attorney has a duty to conduct a reasonable inquiry as to the accuracy of statements made in any "pleading, written motion, or other paper" submitted to the Court. Fed. R. Civ. P. 11(b). Violation of this rule may, after opportunity to respond result in sanctions levied on the "attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

While Liberty Mutual's misrepresentations may have resulted from inadvertence, its mistake could have been avoided by minimal investigation. Liberty Mutual's apparent negligence has required Defendant and the Court to expend significant resources to resolve an issue which Liberty Mutual should have resolved before the litigation and at minimal cost. Consequently, Liberty Mutual is ordered to show cause, within fourteen (14) days of this order, why it should not be sanctioned in the amount of any of Defendant's attorney fees shown to be significantly associated with Liberty Mutual's misrepresentation.

### IV.    CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion for Judicial Estoppel (dkt. no. 165) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Substitute LM Insurance Corporation as Plaintiff Real Party in Interest Pursuant to Rule 17(A) (dkt. No. 119) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (dkt. No. 132) is DENIED as moot.

///

///

///

///

IT IS FURTHER ORDERED that Plaintiff Liberty Mutual is ordered to show cause within fourteen (14) days of this order why it should not be sanctioned in the amount of any of Defendant's attorney fees shown to be significantly associated with Liberty Mutual's misrepresentation.

DATED THIS 26th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE