UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE GROUP,<br><br>          Plaintiff,<br>   v.<br><br>PANELIZED STRUCTURES, INC., et al.,<br><br>          Defendants. | Case No. 2:10-cv-01951-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion for Attorney's Fees – dkt. no. 197) |
| PANELIZED STRUCTURES, INC.,<br><br>          Counterclaimant,<br>   v.<br><br>LIBERTY MUTUAL INSURANCE GROUP, LM INSURANCE CORPORATION, and LIBERTY MUTUAL INSURANCE GROUP/BOSTON,<br><br>          Counterdefendants. | |
| PANELIZED STRUCTURES, INC.,<br><br>          Third-Party Plaintiff,<br>   v.<br><br>ARIZONA LABOR FORCE, INC., an Arizona corporation, dba ALLIED FORCES TEMPORARY SERVICES,<br><br>          Third-Party Defendant. | |

**I.    SUMMARY**

Before the Court is Defendant Panelized Structures, Inc.'s Motion for Attorney's Fees. (Dkt. no. 197.)  For the reasons discussed below, the Motion is denied.

## II.    BACKGROUND

The substantive facts of this case are set out in the Court's prior Orders. Pertinent to this Motion are the somewhat convoluted procedural facts. In 2006, Liberty Mutual Insurance Group ("Liberty Mutual") brought a statutory subrogation claim against Defendant Panelized Structures ("Defendant") in state court to recoup workers compensation insurance payments made to a temporary employee who was injured while assigned to work with Defendant (the "2006 Action"). In 2010, before the 2006 Action was resolved, Liberty Mutual brought the immediate action against Defendant, also in state court, to recover the same payments, but asserting contractual indemnification and equitable subrogation theories of liability (the "2010 Action"). Before the cases were consolidated, however, Defendant removed the 2010 Action to federal court. Liberty Mutual filed two separate motions to remand (dkt. nos. 6, 58), but those motions were denied (dkt. nos. 19, 24).

During the course of the more than two years of litigation of the 2010 Action in this Court, it was determined that LM Insurance Corporation ("LMIC"), a subsidiary of Liberty Mutual, was the actual insurer. The Court granted Liberty Mutual's Motion to Substitute LMIC as the real party in interest.[1] (Dkt. no. 185.) Also during this time, the 2006 Action was resolved in state court in favor of Liberty Mutual. This Court ultimately determined that LMIC was not entitled to judgment as a matter of law on the legal theories presented in the 2010 Action and entered summary judgment in favor of the Defendant, pursuant to Fed. R. Civ. P. 59(f) in its Order dated April 19, 2013. (Dkt. no. 194.) Defendant Panelized Structures now moves the Court to award it attorney's fees under Fed. R. Civ. P. 11(b) and the Court's inherent power, or, alternatively, under NRS 18.010(2)(b). Additionally, Defendant seeks an award of its litigation costs under Fed. R. Civ. P. 54(d)(1) and requests a hearing under Local Rule 80-2.

---

[1] In the substitution, LMIC ratified all actions taken by Liberty Mutual. Thus, the Court generally refers to LMIC as the party prosecuting the 2010 Action, even though Liberty Mutual submitted the majority of the filings within the docket.

## III. DISCUSSION

### A. Attorney's Fees

Defendant requests attorney's fees because it argues LMIC's claim was false, frivolous and "brought and maintained without reasonable ground or to harass the prevailing party." Defendant asserts two theories supporting the authorization of an award of attorney's fees: First, that by filing and maintaining a false and frivolous suit against Defendant, LMIC violated Fed. R. Civ. P. 11(b) and the Court should assess attorney's fees under its inherent powers as sanctions; second, by bringing and maintaining the suit in bad faith, LMIC violated NRS 18.010 which authorizes attorney's fees under Nevada law.

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). However, there are exceptions to this general rule, and a court may assess attorney's fees pursuant to its inherent powers "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 258-59 (internal quotations omitted). This inherent power is to be exercised with restraint and discretion, and is appropriately employed when a fraud has been practiced on the court or when "the very temple of justice has been defiled." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46 (1991) (internal quotations omitted).

Additionally, under Nevada law, a court may assess attorney's fees "when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party." NRS 18.010(2)(b). The purpose of this provision is "to punish and deter frivolous or vexatious claims and defenses." *Id.* "Although a district court has discretion to award attorney fees under NRS 18.010(2)(b), there must be evidence supporting the district court's finding that the claim or defense was unreasonable or brought to harass." *Bower v. Harrah's Laughlin, Inc.*, 215 P.3d 709, 726 (Nev. 2009) (*citing Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995)).

3

The Court cannot conclude that LMIC's prosecution of this action was undertaken in a manner that warrants the award of attorney's fees under either standard. Defendant's bad faith prosecution arguments rest on four facts: (1) LMIC brought this suit in addition to the 2006 Action seeking the same or similar damages under theories this Court ultimately rejected, (2) the suit was originally brought and prosecuted in the name of Liberty Mutual, a non-party to the insurance contract, (3) LMIC maintained the action after Liberty Mutual was awarded recovery in state court on its statutory subrogation claim, and (4) LMIC filed two motions to remand, a motion to dismiss Defendant's counterclaim, and refused to comply with one of Defendant's discovery requests. However, none of these facts show that LMIC acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or that LMIC brought or maintained the action without reasonable ground or to harass Defendant.

First, although it is unclear to the Court why Liberty Mutual brought a second suit rather than amending the complaint of the 2006 Action, LMIC's position that the 2010 Action was intended to assert alternative theories of liability is reasonable. Moreover, it appears that the two actions would likely have been consolidated had it not been for Defendant's choice to remove the second action to federal court. Even though the Court rejected LMIC's theories of liability, advancing an ultimately losing legal theory is not, in and of itself, evidence of bad faith, vexatious litigation, or a violation of Rule 11(b).

Second, Liberty Mutual's initial prosecution of this action was in error, but Liberty Mutual moved to substitute LMIC as the real party in interest. The Court has previously addressed Liberty Mutual's role in this action and found its initial prosecution was not in bad faith. (Dkt. no. 185.)[2]

---

[2] Defendant also argues in its Reply that Liberty Mutual is the "Judgment Creditor" and LMIC has no standing to oppose the Motion for Attorney's Fees. Defendant's argument seems to be based off of the fact that the Clerk of the Court inadvertently listed Liberty Mutual as the Plaintiff on the Judgment form entered into the docket. Defendant's argument based on this obvious clerical error is not only disingenuous, but
*(…fn. cont*

Third, although it is unclear why LMIC continued to prosecute this action after prevailing in state court, this is not enough to support an award of attorney's fees. The Court also notes that LMIC was the only party to mention the outcome of the 2006 Action in its filings. Defendant never informed the Court of the state court outcome and never argued in any of its filings that the 2010 Action was subsequently barred by res judicata or the doubled recovery rule. Thus, the mere fact that LMIC maintained litigation after resolution of the 2006 Action in state court is not a sufficient showing of bad faith or vexatious litigation.

Finally, Defendant's post hoc assertion of bad faith prosecution in relation to the filing of motions and refusal to comply with discovery requests is inappropriate at this stage of litigation. Defendant never filed a Motion to Compel or requested sanctions under Rule 11 at the time these alleged litigation tactics were employed. Moreover, the Court's review of the motions enumerated by Defendant shows that LMIC had a good faith grounds for making those motions. Thus, the Court does not find that LMIC's prosecution of this action was done in a harassing or vexatious manner.

For these reasons, the Court finds that an award of fees is not warranted under either its inherent authority or NRS 18.010. Defendant's request for attorney's fees is denied.

**B.    Costs**

Under Fed. R. Civ. P. 54(d)(1) "costs — other than attorney's fees — should be allowed to the prevailing party." However, "costs," as used in this Rule, is not synonymous with "expenses." *Taniguichi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012). Rather, the rule refers to taxable costs described in 28 U.S.C. § 1920. *Id.* These taxable costs are "relatively minor, incidental expenses" such as "clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification

---

*(fn. cont…)*
patently incorrect. There is no doubt that LMIC was the real party in interest and the party against whom judgment was entered.

5

and copies, docket fees, and compensation of court-appointed experts." *Id*. "Taxable Costs are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators. It comes as little surprise, therefore, that costs almost always amount to less than the successful litigant's total expenses in connection with a law suit." *Id.* (internal quotation omitted).

As these costs are clerical in nature and generally those assessed by the Court itself, Local Rule 54-1 requires prevailing parties to submit a bill of costs "on the form provided by the Clerk" within fourteen (14) days of the entry of judgment so that they Clerk may tax the appropriate costs. Local Rule 54 also details specifically which of the most common costs are and are not taxable. Among the enumerated items, the local rule describes that copies of transcripts, attorney travel expenses, photocopies of pleadings and motions, and photocopies for counsel's own use are generally not taxable. Additionally, courts have held that postage, fax, and long distance telephone charges are not taxable. *See e.g. Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1002 (N.D. Cal. 2005).

Defendant requests costs under 54(d)(1), but the majority of costs itemized in Defendant's supporting Declaration (dkt. no. 198), including defense counsel's travel expenses, copies of routine case papers, postage, and long distance calls, are not taxable costs recoverable under Rule 54(d)(1). Some of Defendant's remaining expenses may be taxable costs, however, Defendant's categorical summaries of its expenses ─ such as listing simply "photocopies" ─ lack the sufficient detail to determine what portion is taxable and what portion is not.[3] Most importantly, Defendant has already submitted its bill of costs on the form provided by the Clerk. (Dkt. no. 196.) Seeking additional costs through this Motion is inappropriate. For these reasons, Defendant's request for costs is denied.

---

[3]For example, photocopies may be taxable if they are photocopies of documents to be submitted as evidence or entered as an exhibit. However, photocopies for other purposes are not taxable. LR 54-6(a).

### C. Hearing

The Caption to Defendant's Motion references a request for a hearing under Local Rule 80-2. However, the body of Defendant's Motion makes no reference to the request and contains no explanation as to the type or subject matter of the hearing requested. Additionally, the Court notes that Local Rule 80-2 does not exist. Because the Court determines a hearing is not necessary, Defendant's request is denied.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Panelized Structures, Inc.'s Motion for Attorney Fees (dkt. no. 197) is DENIED.

DATED THIS 14th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE